UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY BRADLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09CV518 DJS |
| | ) |
| LAURENT JAVOIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, a civilly committed resident at the St. Louis Psychiatric Rehabilitation Center ("SLPRC"), brings this action under 42 U.S.C. § 1983 for alleged medical mistreatment. Named as defendants are Laurent Javois (CEO, SLPRC), Phillip Clayes (Nurse, SLPRC), Antoinette Ray (same), Crystal Davis (same), Deborah Wells (Psychiatric Aide, SLPRC), and Ashak Mallya (Doctor, SLPRC). Plaintiff seeks monetary and injunctive relief.

Plaintiff alleges that he has had several disagreements with staff at SLPRC over the timeliness and manner in which he has received his medications. Plaintiff claims that defendant Clayes called him a "drug seeker" and verbally disrespected him when

he asked for pain medications. Plaintiff also claims that Clayes denied him one meal. Plaintiff says that defendant Ray also disrespected him and refused to give him his pain medications in a timely fashion. Plaintiff also says that Ray witnessed another patient strike plaintiff in the face but that Ray refused to call the police. Plaintiff claims that when Wells saw that another aide was taking plaintiff's blood sugar, Wells exclaimed, "Good! I'm glad your doing it, 'cause I don't want to see his face, hear his voice, or have anything to do with [plaintiff]!" Plaintiff alleges that Davis refused to manually take his blood pressure after the mechanical blood pressure device took a reading of 156/120. Plaintiff maintains that Mallya treated him unfairly when he tried to complain of Wells and Davis's conduct. Plaintiff says that Javois failed to assure the implementation of the operational regulations and that such failure allowed the nurses and aides to violate the rights of patients at SLPRC.

## Discussion

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990); <u>see also</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); <u>Boyd v. Knox</u>, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in §

1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendant Javois was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to Javois.

The complaint is silent as to whether defendants Clayes, Ray, Wells, Davis, or Mallya are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #3] is **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this __7th__ day of April, 2009.

        /s/Donald J. Stohr
        UNITED STATES DISTRICT JUDGE